IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE SHERMAN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1409 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Kenneth Wayne Sherman, a state inmate proceeding *pro se*, filed this habeas petition challenging his 1996 conviction for aggravated sexual assault by reason of his 2003 DNA testing results. Respondent filed a motion to dismiss based on expiration of limitations. (Docket Entry No. 16.) Petitioner filed a response. (Docket Entry No. 18.)

Based on consideration of the pleadings, the record, the motion and response, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this case as barred by limitations.

*Background and Analysis*

Petitioner was convicted of aggravated sexual assault and aggravated robbery in December of 1996. The convictions were affirmed on direct appeal on January 14, 1999, and discretionary review was not pursued. Accordingly, petitioner's conviction became final, for purposes of the AEDPA limitation, on February 15, 1999, and limitations expired one year

later, on February 15, 2000. Petitioner filed a proceeding for DNA testing under state law on July 10, 2002, and received the results in 2003. Petitioner's two applications for state habeas relief, filed on December 4, 2006, were denied by the Texas Court of Criminal Appeals on February 18, 2009. Petitioner filed the instant federal habeas petition on April 28, 2009.

As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Petitioner here raises two federal habeas claims, asserting ineffective assistance of counsel and "actual innocence" by reason of the 2003 DNA testing results. As shown below, both of these claims are barred by limitations.

*Claim for Ineffective Assistance of Counsel*

Petitioner complains that his defense counsel failed to request and obtain DNA testing for purposes of his 1996 trial. He further argues that counsel failed to investigate the case and obtain testimony of alibi witnesses. Petitioner states that he did not raise the DNA testing issue until his state habeas application filed in December of 2006, and argues that not until the 2003 DNA testing results were obtained was he able to establish that he was "prejudiced" by counsel's failure.

Given a liberal construction, the instant petition raises a claim that, in 2003, petitioner "discovered" for federal limitations purposes that counsel had been ineffective in 1996 in not seeking DNA testing. Under that construction, petitioner's federal statute of limitations commenced on November 7, 2003, the date of the purportedly favorable DNA testing results, pursuant to section 2244(d)(1)(D), and expired one year later, on or about November 7,

3

2004, subject to statutory tolling.[1] Petitioner reports that he filed his application for state habeas relief regarding the DNA testing results on December 4, 2006, and that it was denied by the Texas Court of Criminal Appeals on February 18, 2009. Because limitations expired in 2004, petitioner's application for state habeas relief was filed after expiration of limitations and had no tolling effect for purposes of AEDPA. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the AEDPA statute of limitations is not tolled by a state habeas corpus application filed after expiration of limitations). These claims are barred by limitations.

Limitations on petitioner's claims for counsel's failure to investigate and obtain testimony of alibi witnesses, on the other hand, expired on February 15, 2000, as petitioner was aware of the relevant facts and claims at the time of trial in 1996.

*Claim for "Actual Innocence"*

Petitioner asserts that the 2003 DNA testing results establish that he is "actually innocent" of the 1996 aggravated sexual assault conviction. However, as already stated, petitioner had obtained the post-conviction DNA testing pursuant to state statute and was apprised of the testing results dated November 7, 2003. Thus, petitioner's federal statute of limitations commenced on November 7, 2003, the date of the purportedly favorable DNA

---

[1] The supplemental DNA testing result, dated March 26, 2004, involved testing of the assault victim's husband and had no relevance to petitioner's potential exclusion. Even if that date were used as the commencement point, limitations expired in March of 2005, prior to petitioner's filing for state habeas relief in 2006.

4

testing results, pursuant to section 2244(d)(1)(D). Accordingly, limitations expired one year later, on or about November 7, 2004, subject to statutory tolling. Petitioner reports that he filed his application for state habeas relief regarding the DNA testing results on December 4, 2006, and that it was denied by the Texas Court of Criminal Appeals on February 18, 2009. Because limitations expired in 2004, petitioner's application for state habeas relief, filed after expiration of limitations, had no tolling effect for purposes of AEDPA.

These claims are barred by limitations.

*Petitioner's Response*

In his response, petitioner argues that, because his conviction is "null and void," it was not a "final" judgment and the instant petition is not barred by limitations. This Court does not agree, and joins with other federal district and circuit courts in holding that a federal habeas petitioner cannot "evade the effect of the statute of limitations by the simple expedient of arguing that his conviction is void." *Randall v. Director, TDCJ-CID*, C.A. No. 2:07-cv-204, 2008 WL 2128231, at \*2 (E.D. Tex. 2008); *see also Nortonsen v. Reid*, 133 F. App'x 509, 510-11, 2005 WL 1253964, at \*1-2 (10th Cir. 2005) (holding that a petitioner cannot avoid dismissal on limitations grounds by arguing that his state sentence is void); *Madina v. Cain*, C.A. No. 05-2126, 2006 WL 2726506, at \*3 (E.D. La. 2006) (rejecting novel argument that AEDPA limitations period runs only on sentences which were validly imposed); *Willis v. Dretke*, C.A. No. 3:03-cv-1284-G, 2005 WL 39053-55, at \*3 (N.D. Tex. 2005) (holding petitioner not entitled to equitable tolling of AEDPA statute of

limitations based on argument that trial court lacked jurisdiction); *U.S. v. Fisher*, C.A. No. 3:08-cv-1609-D, 2008 WL 5061670, at *3 (N.D. Tex. 2008) (same). Although a petitioner's claim that his conviction is void may provide a basis for habeas relief if proven, it provides no basis for statutorily or equitably tolling the AEDPA limitations period under either existing case law or provisions of the federal statute itself.

Petitioner has not shown that he was subject to state action that impeded him from filing the instant petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Nor is there the showing of a newly recognized constitutional right upon which the petition is based. *See* 28 U.S.C. § 2244(d)(1)(C). Accordingly, there is no statutory basis to save petitioner's untimely federal petition.

Nor does petitioner present any viable grounds for application of equitable tolling. Petitioner bears the burden of proof concerning equitable tolling, and must demonstrate "rare and exceptional circumstances" warranting application of the doctrine. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Petitioner presents no reasons why he was unable to file the instant petition in a timely manner. *See id.* (discussing the availability of equitable tolling in the context of habeas corpus under the AEDPA, and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations).

*Conclusion*

The motion to dismiss (Docket Entry No. 16) is GRANTED and this petition is DISMISSED as barred by limitations. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on May 17, 2010.

_____
Gray H. Miller
United States District Judge